UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDWARD IRVING

v.  C.A. NO. 10-346 ML

JAMES WEEDEN

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Edward Irving., *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") against Warden James Weeden, Lieutenant Beurt, and Joe DiNitto. Plaintiff alleges defendants violated his rights by placing him in Maximum Security with his known enemy. This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and plaintiff's motion to proceed *in forma pauperis* be DENIED.

DISCUSSION

I.  **Screening Under § 1915(e)(2) and § 1915A**

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines, *inter alia*, that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Fridman v. City of N.Y.*, 195 F.Supp.2d 534, 538 (S.D.N.Y. 2002). In order to survive a Rule 12(b)(6) motion a "complaint must contain sufficient factual matter, accepted as true, to 'state a

1

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, *see Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009), and review pleadings of a *pro se* plaintiff liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). However, the Court need not credit bald assertions or unverifiable conclusions. *See Iqbal*, 129 S.Ct. at 1949.

**II. Failure to Allege Facts**

Here, Plaintiff simply claims that he was put in Maximum Security where he has an enemy and defendants know that the enemy wants to kill Plaintiff. Plaintiff states that he spoke with defendants Lt. Beurt and Warden Weeden, but they failed to do anything to redress the problem. He seeks a reassignment to a building where his enemy is not housed.

It is clear that prison officials have a duty to protect prisoners from violence at the hands of fellow inmates, and a violation of that duty can constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994); *Calderon-Ortiz v. LaBoy-Alvarado*, 300 F.3d 60, 63-64 (1st Cir. 2002). In order to establish liability under the Eighth Amendment for a prison official's failure to protect an inmate from harm, the prisoner must establish that the official was deliberately indifferent to a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 834. This two-part inquiry, consisting of an objective and a subjective component, requires plaintiff to establish a "sufficiently serious" risk of harm to his safety and to show that defendants were subjectively aware of the risk but failed to take reasonable measures to abate it. *Id.* at 834, 837.

Here, however, Plaintiff fails to allege adequate facts to support a conclusion that he has been subjected to a sufficiently serious risk of harm or that the named defendants have acted with deliberate indifference to his safety.

First, although Plaintiff states that an enemy who wants to kill him is housed in the security level into which Plaintiff was transferred, Plaintiff fails to name the individual, describe why they are enemies, or indicate if and how they might cross paths (*ie.* they are in the same unit, same recreation, same dining, etc.). Plaintiff also is silent regarding any history of violence between the two or if his enemy has resorted to violence in the past. And, while a plaintiff is not required to suffer an injury in order to demonstrate that he is at substantial risk of harm, *Helling v. McKinney*, 509 U.S. 25, 33-34, 113 S.Ct. 2475 (1993), he must do more than generally assert,

2

"I have a [sic] enemy I [sic] max and they know that he wants to kill me," Cmpt. at p. 3, in order sufficiently allege that he faces a substantial risk of harm.

Second, even if Plaintiff alleged enough to indicate that he is subject to a substantial risk of harm, he fails to indicate that the named defendants acted with deliberate indifference to his safety needs. Although Plaintiff says that he spoke with defendants Lt. Beurt and Warden Weeden and that they know that his enemy wants to kill him, Plaintiff does not describe the role or either Beurt or Weeden, or the role of defendant DiNitto, in assigning Plaintiff to Maximum Security. Therefore, Plaintiff does not allege that such defendants failed to protect Plaintiff from a risk of harm he faced by being assigned to Maximum Security.

Accordingly, Plaintiff's allegations here fail to provide adequate detail to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted). Therefore, the Complaint fails to state a claim on which relief may be granted and should be dismissed without prejudice. I so recommend.

## CONCLUSION

For the reasons set forth above, I recommend that the Complaint be DISMISSED without prejudice for Plaintiff to re-file a Complaint with sufficient detail to state a claim. Accordingly, I further recommend that Plaintiff's instant motion to proceed *in forma pauperis* be DENIED at this time.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian

Jacob Hagopian
Senior United States Magistrate Judge
October 12, 2010